## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

RIMMA VAKS,

                Plaintiff,

v.

                               Civil Action No.   1:16-cv-11902

BOSE CORPORATION, MIKE
DERRENBERGER, PETER ALTIERI
and KATHLEEN O'NEILL

                Defendants.

## NOTICE OF REMOVAL

1.      Defendants, Bose Corporation ("Bose"), Mike Derrenberger, Peter Altieri and

Kathleen O'Neill (collectively, "Defendants"),  file this Notice of Removal, which shall effect a

removal of this action to the United States District Court for the District of Massachusetts

pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

## I.    TIMELINESS OF REMOVAL

2.      On or about December 31, 2015, Plaintiff Rimma Vaks filed a civil action in the

Superior Court for Middlesex County in the Commonwealth of Massachusetts, entitled <u>Rimma</u>

<u>Vaks v. Bose Corporation, Mike Derrenberger, Peter Altieri, and Kathleen O'Neill.</u>, Civil Docket

No. 1581CV07030.

3.      On March 22, 2016, Plaintiff filed a First Amended Complaint and later served all

Defendants with copies of the Summons and the First Amended Complaint.[1] Copies of the

Summonses and the First Amended Complaint are attached as <u>Exhibits A and B,</u> respectively.

---

[1] Plaintiff served a copy of the summons and complaint on Bose on or about March 30, 2016, on Derrenberger on or about March 30, 2016, on Altieri on March 25, 2016, and on O'Neill on March 24, 2016.

4.      On or about May 12, 2016, Defendants responded to the First Amended Complaint by filing a Motion to Dismiss, which Plaintiff opposed.

5.      While Defendants' Motion to Dismiss remained pending, Plaintiff filed a Motion for Leave to file a Second Amended Complaint on August 19, 2016, which the Superior Court granted.

6.      Plaintiff later filed the Second Amended Complaint on August 25, 2016, which included new claims that give rise to federal question subject matter jurisdiction.  On September 7, 2016, she subsequently served Defendants with a copy of the Second Amended Complaint.  A copy of the Second Amended Complaint is attached as Exhibit C.

7.      These are the only process, pleadings or orders known by Defendants to have been filed or served in this action.  Defendants' previously filed Motion to Dismiss the First Amended Complaint has been rendered moot in the Superior Court by Plaintiff's filing of the Second Amended Complaint.

8.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within 30 days after service of the Second Amended Complaint.

## II.    VENUE

9.      The Superior Court for Middlesex County of the Commonwealth of Massachusetts is located within the District of Massachusetts.  *See* 28 U.S.C. § 101.  Therefore, venue is proper in this Court because it is the district "embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## III.   BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

1.      This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which provides that

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

2.      Plaintiff's Second Amended Complaint alleges that Defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and asserts related state law claims under M.G.L. ch. 151B for gender and age discrimination, and for retaliation.

3.      By asserting claims under federal law, namely, Title VII, Plaintiff's Complaint asserts a federal question under 28 U.S.C. § 1331.  Accordingly, this case is properly removable under 28 U.S.C. § 1441(a).

A.      **SUPPLEMENTAL JURISDICTION**

4.      Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal causes of action "that they form part of the same case or controversy under Article III of the United States Constitution."  State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact … such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

5.      Here, Plaintiff's state law claims for various forms of gender and age discrimination and for retaliation under M.G.L. ch. 151B relate closely to her Title VII claims. The claims all arise out of a common nucleus of operative facts: Plaintiff's employment with Bose.  Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.      Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims.  Plaintiff's state law claims do not raise novel or

complex issues of state law or predominate over the federal claims for which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction.  *See* 28 U.S.C. § 1367(c).

## IV.    CONSENT OF ALL DEFENDANTS

7.     All served Defendants are represented by the undersigned counsel and consent to removal of this action.

## V.    CONCLUSION

8.     To date, Defendant has not filed a responsive pleading to Plaintiff's Second Amended Complaint, and no further proceedings have transpired in that action.

9.     Pursuant to 28 U.S.C. § 1446(d), a notice to the state court of removal, along with a copy of this Notice will be filed with the Superior Court for Middlesex County, Massachusetts. A copy of the notice to the state court is attached to this Notice as Exhibit D.  Additionally, a copy of the notice to the state court and a copy of this Notice will be served upon Plaintiff as well.

10.     Defendants will file with the Court attested copies of all records, proceedings and docket entries in the state court within twenty-eight (28) days of removal, pursuant to Local Rule 81.1.

11.     By removing this matter, Defendants do not waive, or intend to waive, any defense or affirmative defense to the Second Amended Complaint.

WHEREFORE, Defendants Bose Corporation, Mike Derrenberger, Peter Altieri and Kathleen O'Neill respectfully request to remove this action to the United States District Court for the District of Massachusetts.

Respectfully submitted,

BOSE CORPORATION, MIKE
DERRENBERGER, PETER ALTIERI
and KATHLEEN O'NEILL

By their attorneys,


/s/ Todd M. Torres
Mark H. Burak (BBO #558805)
Todd M. Torres (BBO #681779)
OGLETREE DEAKINS NASH SMOAK &
   STEWART, P.C.
One Boston Place, Suite 3220
Boston, Massachusetts  02108-4403
(617) 994-5700
(617) 994-5701 (facsimile)
mark.burak@ogletreedeakins.com
todd.torres@ogletreedeakins.com

Dated:  September 19, 2016

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 19, 2016,  the within document filed through the CM/ECF system was served via e-mail and Federal Express, postage prepaid, on Plaintiff as follows:

Rimma Vaks
103 Puritan Lane
Swampscott, MA 01907
urmonkey@verizon.net

/s/ Todd M. Torres
Todd M. Torres

26123478.1