**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

FILED
IN CLERK'S OFFICE

2016 OCT 25   PM 9 47

U.S. DISTRICT COURT
DISTRICT OF MASS.

RIMMA VAKS,

            Plaintiff,

v.

BOSE CORPORATION, MIKE
DERRENBERGER, PETER ALTIERI
and KATHLEEN O'NEILL,

            Defendants.

Civil Action No. 1:16-cv-11902

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S "FIRST AMENDED" COMPLAINT   and PLAINTIFF's MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Defendants' Motion to strike Plaintiff's First Amended Complaint should be denied for the reasons described in the Memorandum below. In the alternative, Plaintiff is asking the court for Leave to file an amended complaint, accepting and filing the First Amended Complaint.

## Memorandum In Support of Motion

## Procedural History

Plaintiff, Ms. Vaks filed this matter on December 31, 2015 in Middlesex Superior Court.

She amended her complaint once as a matter of right and once after receiving court's permission to leave to file the Second Amended complaint.

On September 19th, 2016, Defendants removed the case to Federal Court.

On September 26th, 2016, Defendants filed for the first time their responsive pleadings and a Motion to Dismiss Portions of the Plaintiff's Complaint.

On October 11th, 2016, Plaintiff file the Fist Amended Complaint and the Opposition to the Defendants Motion to Dismiss.

Pretrial conference is scheduled for October 26th, 2016 and scheduling order is not yet in place.

Contrary to their assertion (Defendants' Motion to Strike Argument, ¶4) Defendants have never filed their responsive pleadings in State Court.

1

## Legal Argument

**(1)     Ms. Vaks is entitled to amend her complaint as a matter of course pursuant to Fed. R. Civ. P. 81(c)(1) and 15(a).**

Fed. R. Civ. P. 81(c)(1) provides that the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court". Accordingly, amendments that were made in state court are not considered when determining whether Rule 15(a) is applicable. Therefore, pursuant to Rule 15(a)(1) upon removal Ms. Vaks had twenty one (21) days after the defendants' Motion to Dismiss was filed to file her First Amended Complaint. While Massachusetts Courts did not specifically address the issue whether amendments filed in State Court should be considered in Federal Courts, other US District Courts did. *Thomason v. Norman E. Lehrer, P.C., 182 F.R.D. 121, 128 (D.N.J. 1998)* ("[A]mendment in state court does not deprive [plaintiff] of the one `free' pre-answer amendment available in federal court under Rule 15."); *Talbot v. Sentinel Ins. Co.,* No. 2:11-CV-01766-KJD, 2012 WL 1068763, at *2 (D. Nev. Mar. 29, 2012) ("[A]mended complaint was filed in state court prior to removal. Generally, the federal rules do not apply until a case is removed to federal court."). *Ricale Associates, LLC, v. Leon McGregor,* Dist. Court, D. New Jersey, 2015("The Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c). Accordingly, whatever amendments were made in state court are not considered when determining whether Rule 15(a) is applicable.") An amendment by right within twenty-one days after a motion to dismiss is filed is to allow "the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion." *Fed. R. Civ. P. 15 Advisory Committee's Note to 2009 Amendment.*

In instant case, Defendants filed their Motion to Dismiss under Rule 12(b). Ms. Vaks filed her Amended Complaint less than twenty-one days after Defendants filed their Motion to Dismiss. Thus, she is entitled to file it as a matter of course under Rule 15(a). "Plaintiff filed its Motion for Leave less than twenty-one days after Defendants filed their Motion to Dismiss. The Court is required to accept the Second Amended Petition without first determining if the amendments are futile or otherwise deficient. See, e.g., Fed. R. Civ. P. 15(a)(1). *Williams, 477 F.3d at 1292, n.6*". *EJC6, LLC v. City of Johns Creek, Dist. Court,* ND Georgia, 2016.

Defendants' citing of *Joseph N. Main P.C. v. Electronic Data Systems Corp.,* 168 F.R.D. 573, 576-77 (N.D. Tex. 1996) (applying local rule  Fed.R.Civ.P. 23(c)(1)(A) ninety-day deadline from date of removal to federal court, not from date of first federal complaint) once again is

misplaced, intentionally misleading and has no resemblance with this case. Defendants failed to provide *ANY* support to their contention that Ms. Vaks is not entitled to amend her complaint as a matter of course.

## (2) Alternatively even if Plaintiff did not have the right to amend under Rule 15(a)(1), the Court should further determine that leave to amend is warranted.

Fed. R. Civ. P. 15(a) "mandates that leave to amend is to be 'freely given when justice so requires' . . . unless the amendment 'would be futile, or reward, inter alia, undue or intended delay.'" *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir. 2004) (quoting Fed. R. Civ. P. 15(a) and *Resolution Trust Corp. v. Gold,* 30 F.3d 251, 253 (1st Cir. 1994)). "[T]he liberal amendment policy prescribed by Rule 15(a) does not mean that leave will be granted in all cases." *Acosta-Mestre v. Hilton Int'l of P.R.,* 156 F.3d 49, 51 (1st Cir. 1998) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487, at 611 (2d ed. 1990)). "Among the adequate reasons for denying leave to amend are 'undue delay' in filing the motion and 'undue prejudice to the opposing party by virtue of allowance of the amendment.'" Id. (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). In addition, "[o]nce a scheduling order is in place, the liberal default rule is replaced by the more demanding 'good cause' standard of Fed. R. Civ. P. 16(b)." *Steir,* 383 F.3d at 12.

In their Motion to Strike defendants failed to show *any* reason why the court should be denied the leave to file an amended complaint.

## (3)   Defendants failed show that the prejudice will occur by virtue of allowance of the amendment

The party opposing the amendment has burden of proving that such prejudice will occur. Moreover, a "mere claim of prejudice is not sufficient; there must be some showing that [the defendant] was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." *Dole v. Arco Chemical Co.,* 921 F.2d 484, 488 (3d. Cir. 1990).

As of now, Defendants did not lose their fair opportunity to present facts or evidence. They only file their responsive pleadings on September 26, 2016; there was no hearing for their Motion under Rule 12(b); the scheduling order is not yet in place. Therefore, at this early stage of litigation, Defendants cannot claim "undue delay, bad faith or dilatory motive", and they will not be prejudiced by the Plaintiff's amendment of her Complaint.

**(4)     Defendants removed the case to Federal Court - Plaintiff should be allowed to amend the complaint to confirm with Federal Jurisdiction.**

In her Amended Complaint Ms. Vaks adds and clarifies Facts and Causes of Action in support of her complaint. In particularly, she adds causes of actions under Federal Age Discrimination in Employment Act of 1967 (Pub. L. 90-202) (ADEA) and elaborates the role of two Human Resources Managers, Peter Altieri and Kathleen O'Neill, who were not, as they claim, innocent bystanders blindly led by the harasser Mr. Derrenberger, but they were empowered by Bose to hire and fire people, independently investigate Bose's complaints, supervise and maintain Bose's policies and act as Bose's agents or *Bose itself*. Bose Corporation entrusted these two HR managers to protect employees against harassment and retaliation. Instead, they were literally watching Mr. Derrenberger harassing Ms. Vaks for over a year; they whitewashed investigations and rigged the investigative report; they silently watched Mr. Derrenberger to threaten Ms. Vaks with termination for filing her discrimination complaint, and having direct evidence of Mr. Derrenberger's illegal discriminatory and retaliatory actions against Ms. Vaks, they endorsed and abetted his actions not once, but three times. Both of them not only they betrayed Ms. Vaks, but their employer, Bose Corporation.

Both Defendants were listed in Ms. Vaks lawsuit filed on March 29, 2015. Both Defendants were on notice of the MCAD charge, were mentioned numerous times during MCAD investigation including Bose's own statements and had an ability to and did participate in MCAD proceedings and opportunity to conciliate the charge.

## CONCLUSION

WHEREFORE, Plaintiff respectfully request that this Court deny Defendants' Motion to Strike Plaintiffs' Amended Complaint. In the alternative, Plaintiffs ask that the Court grant leave for filing of the Amended Complaint under Rule 15(a)(2).

Dated: 26 October, 2016                                       Respectfully submitted,

                                                             /s/ Rimma Vaks

                                                             Rimma Vaks, *Pro Se*,
                                                             103 Puritan Lane,
                                                             Swampscott, MA 01907
                                                             781-581-6994

4

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of this document on all Defendants to their attorney Mark Burak,  at Ogletree, Deakins, Nash, Smoak & Stewart, P.C. at One Boston Place, Suite 3220, Boston, Massachusetts on October 26, 2016 by hand delivery.